# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2011

Lyle W. Cayce
Clerk

No. 10-60366
Summary Calendar

TIMUR IZZATOV, also known as Timur Izztov,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A055 100 116

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Timur Izzatov, a native and citizen of Uzbekistan, petitions this court for a review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of an order of the immigration judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ denied Izzatov's application after finding that he was not credible. The BIA upheld the IJ's adverse credibility determination and affirmed the IJ's decision ordering Izzatov's removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Izzatov maintains that, contrary to the IJ's and BIA's findings, he presented credible testimony in support of his claims for relief from removal. The REAL ID Act (the Act) amended the standards for assessing credibility determinations in cases involving applications for asylum, withholding of removal, and other relief from removal filed after the Act's May 11, 2005, effective date. *See* REAL ID Act §§ 101(a)(3), (c), (h)(2), Pub.L. 109-13, 119 Stat. 302. As Izzatov filed his application for immigration relief after the Act's effective date, the new credibility standards apply in his case.

Under the Act, an applicant's testimony, alone, may be sufficient to sustain the burden of proving eligibility for asylum, "but only if the applicant satisfies the trier of fact that his testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). "[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted). On review, we defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* (internal quotation marks and citation omitted).

The IJ delineated four areas with which it based its adverse credibility determination. First, the IJ found Izzatov's allegation that all Uzbekistan citizens who became LPRs in another country are subject to imprisonment for treason upon their return to Uzbekistan inherently implausible. Second, the IJ determined that Izzatov's written and oral statements concerning the stolen motorcycle incident were inconsistent. Third, the IJ determined that Izzatov's accounts of "the torture he suffered at the hands of the police were not sufficiently detailed to provide a coherent and plausible account of the basis of his fear." Lastly, the IJ found that Izzatov "was unresponsive, vague or evasive in his response to several questions from the Court."

No. 10-60366

Izzatov offers only bare assertions that the IJ's credibility determination was based on incorrect and mistaken assumptions and speculation. This is insufficient to establish that the IJ's credibility determination is not supported by substantial evidence. After reviewing the record, and from the totality of the circumstances, it is not obvious that no reasonable factfinder could make such an adverse credibility ruling. *See id.* Therefore, we will not disturb the IJ's credibility determination. *Id.* Without credible evidence, there was no basis on which to grant asylum, withholding or removal, or protection under the CAT. *See Zhang v. Gonzales*, 432 F.3d 339, 343-44 (5th Cir. 2005); *Efe v. Ashcroft*, 293 F.3d 899, 907-08 (5th Cir. 2002); *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994); 8 U.S.C. § 1158(b)(1)(B)(ii); 8 CFR § 208.16(c)(2).

Izzatov's petition for review is DENIED.